Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for robbery; punishment, five years in the penitentiary.

The alleged injured party testified that appellant took from his person, by means of an assault and threats, a sum of money. We see no merit in appellant's contention that because said injured party thought that he was being assaulted with a pistol, when in fact it turned out to be that the weapon used was an ice pick, the conviction cannot stand. The assault with the ice pick appears to have been as effective in the accomplishment of the robbery as a pistol would have been. The robbery being by force as a result of an assault, and no weapon having been named in the indictment, we are constrained to hold against appellant in this contention.

We find two bills of exceptions in the record, one complaining that after the testimony for the defense had been introduced, the State was permitted to recall the prosecuting witness and have him detail before the jury his denial of certain facts testified to by defendant's witnesses, the appellant claiming that such denial was merely a reiteration of the facts testified to by the witnesses in chief. We see no abuse of the discretion of the trial court in the matter.

The other bill of exceptions is merely appellant's complaint of the overruling of his motion for new trial. There were no issues of fact raised in connection with the motion for new trial, which merely complained because of alleged errors of procedure in the introduction of witnesses.

Being unable to agree with appellant's contentions, and concluding the evidence sufficient, the judgment will be affirmed.

## JOHNSON v. STATE.

### No. 18545.

Court of Criminal Appeals of Texas.

Nov. 12, 1936.

H. G. Williams, of San Antonio, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of negligent homicide, and his punishment was assessed at confinement in the county jail for a period of six months.

The record is before us without a statement of facts or bills of exception. No defect either in the information or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.